BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
JULIAN A. LAMM (SBN 284637)
jlamm@whitecase.com
RUSSELL J. GOULD (SBN 313352)
russell.gould@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for Defendant Fiverr Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS JOHNSON, individually, and on behalf of other members of the general public similarly situated, | Case No. |
| Plaintiff, | **DEFENDANT FIVERR INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | |
| FIVERR INC., | **[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |
| Defendant. | |

**NOTICE IS HEREBY GIVEN** that defendant Fiverr Inc. ("Fiverr"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes this action to this Court from the Superior Court of the State of California for the County of Alameda.  As grounds for removal, Fiverr states as follows:

## BACKGROUND

1. On January 17, 2025, plaintiff Marcus Johnson ("Plaintiff") filed a putative class action complaint ("Complaint") against Fiverr in Alameda County Superior Court, Case No. 25CV114008.

2. On March 14, 2025, Plaintiff served Fiverr with a copy of the Summons and Complaint.

3. Plaintiff alleges that Fiverr's service fees amount to "bait and switch advertising" in violation of California law.  Compl. ¶¶ 1-2.

4. Plaintiff asserts the following claims for relief: violation of California's Consumers Legal Remedies Act (Cal. Civ Code §§ 1750, *et seq*.); violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) and California's Unfair Competition Law (Cal. Bus. & Prof. Code, §§ 17200, *et seq*.); and unjust enrichment.  *See* Compl. ¶¶ 53-71.

5. Plaintiff asserts these claims on behalf of himself and a putative class of California consumers "who purchased freelancing services on Fiverr's platform on or after July 1, 2024." Compl. ¶¶ 44.

6. As demonstrated below, removal is proper because Fiverr satisfies the procedural requirements for removal under 28 U.S.C. § 1446; this action falls within the Court's "original jurisdiction" under 28 U.S.C. §§ 1331, 1332(d), and 1441; and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

7. In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders served on Fiverr in the state court action are attached to this Notice of Removal as Exhibit A.

8. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as Fiverr

- 1 -

DEFENDANT FIVERR'S NOTICE OF REMOVAL OF ACTION

filed it within 30 days after it was served with the Complaint.

9.    In accordance with 28 U.S.C. § 1446(d), Fiverr will promptly serve on all counsel of record and file with the clerk of the court from the Superior Court of the State of California for the County of Alameda a copy of this Notice of Removal and its accompanying exhibit.

### BASIS FOR REMOVAL

10.    "To remove a case from state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  "A statement 'short and plain' need not contain evidentiary submissions."  *Id.*

11.    This action is within the original jurisdiction of this Court, and removal is, therefore, proper under CAFA.  Congress enacted CAFA to expand federal court jurisdiction over proposed class actions.  *See Dart Cherokee*, 574 U.S. at 89 (citing S. Rep. No. 109-14, at *43, as reprinted in 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14).  The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Id*.

12.    CAFA provides that a class action may be removed to federal court if: (1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members.  *See* 28 U.S.C. § 1332(d)(2), (5)-(6).

13.    This Court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations to determine whether the jurisdictional requirements for removal are met.  *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.") (internal quotations marks and citation omitted); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1229 (9th Cir. 2019).

14.    <u>Jurisdiction:</u> As explained more fully below, this action satisfies each requirement

of 28 U.S.C. § 1332(d)(2) for original CAFA jurisdiction.

### a.    This Is a Covered Class Action

15.     According to the Complaint, the Plaintiff brings this action on behalf of himself and a putative class of California consumers "who purchased freelancing services on Fiverr's platform on or after July 1, 2024." Compl. ¶¶ 44. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

### b.    There Are More Than 100 Putative Class Members

16.     Plaintiff alleges "the Class is so numerous that the individual joinder of all of their members is impracticable" and that "Plaintiff estimates [the class] numbers to be in the thousands." Compl. ¶ 46. Accordingly, the Complaint itself alleges the proposed class and sub-class include more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### c.    Minimal Diversity of Citizenship Exists

17.     According to the Complaint, Plaintiff is a citizen of California. Compl. ¶ 7.

18.     Fiverr is not a California citizen. Fiverr is a corporation organized under the laws of the State of Delaware, and its principal place of business is in New York. Compl. ¶ 8. Accordingly, Fiverr is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").

19.     Thus, CAFA's minimal diversity requirement is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### d.    The Amount in Controversy Exceeds $5 Million

20.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

21.     As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal

- 3 -

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. at 89. The "defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 925.

22.    Sales on Fiverr's platform substantially exceeded $5 million during the proposed class period. Here, the Complaint alleges Fiverr represents one price to consumers, but fails to disclose other fees until checkout. Compl. ¶¶ 2. Plaintiff alleges that, had he known of the fees, he "would have purchased a different service on Fiverr or no services at all," causing him economic damage. Compl. ¶ 41, 56.

23.    The Complaint alleges "Plaintiff's claims are typical of the Class's," which it defines as California consumers "who purchased freelancing services on Fiverr's platform on or after July 1, 2024." Compl. ¶¶ 44, 48. In the Complaint, Plaintiff asserts claims for monetary damages on behalf of himself and on behalf of "thousands" of individuals in the State of California who purchased the products throughout this over four-year period. Compl. ¶¶ 44, 46.

24.    The amount in controversy in this case substantially exceeds $5 million, exclusive of interests and costs.

### e.    CAFA's Exceptions Do Not Apply

25.    The exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case.

26.    In particular, the "local controversy" exception to CAFA, where more than two-thirds of the putative class members are citizens of the State in which the action was originally filed and the primary defendants are citizens of the State in which the action is originally filed, does not apply because Fiverr, the sole defendant, is a citizen of Delaware and New York. *See* Compl. ¶ 8; *see, e.g.*, *Amezcua v. CRST Expedited Inc.*, 653 F. Supp. 3d 712, 718 (N.D. Cal. 2023).

### **VENUE**

27.    This case is properly removed to this district because the Superior Court of the State of California for the County of Alameda, where Plaintiff commenced this action, is located within the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(c)(2); *see generally* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Venue is therefore proper under 28 U.S.C.

§ 84(c)(2).

28.     Divisional Assignment: Pursuant to Civil L.R. 3-2(d), assignment is proper in this division because this action arises in the county of Alameda.

### NON-WAIVER

29.     By submitting this Notice of Removal, Fiverr does not waive any objections or defenses, including, but not limited to, personal jurisdiction defenses, and does not admit any of the allegations in the Complaint.

30.     Fiverr also reserves the right to amend or supplement this Notice of Removal.

### CONCLUSION

Fiverr respectfully gives notice that this civil action pending in the Superior Court of the State of California for the County of Alameda is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.


Dated:  April 11, 2025                              WHITE & CASE LLP


                                               By:  */s/ Julian A. Lamm*
                                                      Julian A. Lamm

                                               Attorneys for Defendant Fiverr Inc.

DEFENDANT FIVERR'S NOTICE OF REMOVAL OF ACTION